UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGERICK BOOTH,

      Plaintiff,                             Case No. 2:21-cv-10579
                                         District Judge Sean F. Cox
v.                                     Magistrate Judge Kimberly G. Altman

JOHN DOE and D. MOLINAR,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 14)[1]

### I.     Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Rodgerick Booth (Booth), proceeding *pro se*, filed a complaint naming as defendants John Doe (Doe),  an unknown caseworker, and Captain D. Molinar (Molinar).  He alleges that defendants violated his rights under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 8).

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).  *See also* ECF No. 19 (Notice of Determination of Motion Without Oral Argument).

Before the Court is defendants' motion to dismiss.  (ECF No. 14).  For the reasons

set forth below, the undersigned RECOMMENDS that the motion be GRANTED.

II.    Background

On January 18, 2021, Booth returned to the Oakland County Jail after a 10-

day hospital stay.  (ECF No. 1, PageID.3).  Upon his return, he was placed in

administrative segregation even though he had not received any misconduct

reports.  (*Id*.).  Booth says that he was locked down for 23 hours each day and was

not allowed to participate in any group activities.  (*Id*., PageID.4).  Staff members

make rounds once each hour and Booth had no way to contact staff members

outside of these hourly rounds.  (*Id*.).

When moved throughout the facility, Booth was escorted by multiple staff

members and restrained in belly chains.  (*Id*., PageID.3).  Booth says this is harsher

treatment than convicted murderers receive.  (*Id*.).

Booth alleges that being held in administrative segregation without reason,

put him in danger of irreparable harm.  (*Id*., PageID.2).  This is because Booth

suffers from both chronic obstructive pulmonary disease (COPD) and a seizure

disorder.  (*Id*.).  As a result of these diseases, Booth could experience sudden death

if he is held in an area that lacks emergency equipment or an area where he is

unable to immediately contact staff in the event of a serious medical emergency.

(*Id*.).  For example, if Booth has a seizure, he could fall and hit his head on a metal

2

object or concrete.  (*Id.*).  Such an incident, in combination with COPD, could lead to his death.  (*Id.*).

Booth exhausted his administrative remedies by filing a grievance.  (*Id.*, PageID.3).  This grievance was denied because the issue was deemed non-grievable.  (*Id.*).  Molinar upheld the denial.  (*Id.*).  Booth also says he corresponded with Doe about being in segregation by sending him a "kite."  (*Id.*).  Doe allegedly told Booth that he was placed in administrative segregation for behavioral issues.  However, Booth says that he had no misconduct reports.  (*Id.*).

According to defendants, Booth has since been released from the Oakland County Jail.  However, in his response to defendants' motion, Booth says that he was "incarcerated at the time of the filing, but has since been released and reincarcerated."  (ECF No. 18, PageID.56).  Thus, it appears Booth is back in custody.  At the time of the events in the complaint, January of 2021, Booth was a pretrial detainee.  However, he was sentenced on March 1, 2021.  *See* ECF No. 14-2 – Judgment.

### III.    Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action . . ."). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678 (citation omitted). "The plausibility of an inference depends on a host of

considerations, including common sense and the strength of competing

explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v.

Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not

have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' "

4

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).

IV.    Analysis

A.    Official Capacity Claims

Booth sues both defendants in their official and individual capacities.

Defendants argues that Booth's official capacity claims must be dismissed because

his complaint lacks factual allegations to suggest a valid official capacity claim.

"[A]n official-capacity claim is merely another name for a claim against the

municipality." *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013)

(citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009)).  Because

defendants work for the Oakland County Jail, Booth's official-capacity claims

against them are actually against Oakland County.

"When a § 1983 claim is made against a municipality, the Court must

analyze two distinct issues: (1) whether Plaintiff's harm was caused by a

constitutional violation; and (2) if so, whether the municipality is responsible for

that violation." *Johnson v. Piper*, No. 4:21-CV-P89-JHM, 2021 WL 4944044, at

*2 (W.D. Ky. Oct. 22, 2021) (citing *Collins v. City of Harker Heights, Tex.*, 503

U.S. 115, 120 (1992)).  "A municipality cannot be held responsible for a

constitutional deprivation unless there is a direct causal link between a municipal

policy or custom and the alleged constitutional deprivation." *Johnson*, at \*2 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Here, Booth does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Oakland County, nor does he name a specific county policy or custom. *See Bartley v. Kenton Cnty. Med. Staff*, No. 21-140-DLB, 2021 WL 5281592, at \*2 (E.D. Ky. Nov. 12, 2021) ("Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury."); *see also Vogle v. Goard*, No. 5:21-CV-P98-TBR, 2021 WL 5496858, at \*2 (W.D. Ky. Nov. 23, 2021) ("Even reading the complaint liberally, the Court finds Plaintiff has not alleged a Marshall County custom or policy of denying him his constitutional rights."); *Strand v. Harville*, No. 2:21-CV-159-RLJ-CRW, 2021 WL 5500797, at \*3 (E.D. Tenn. Nov. 23, 2021) ("Here, Plaintiff has not suggested that his rights were violated pursuant to a policy or regulation of Grainger County, and therefore, he has failed to state a claim for municipal liability."). Accordingly, Booth's official-capacity claims should be dismissed for failure to state a claim upon which relief may be granted.

6

B.     Individual Capacity Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

elements: (1) a deprivation of rights secured by the "Constitution and laws" of the

United States (2) committed by a defendant acting under color of state law.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1.     Eighth Amendment – Deliberate Indifference[2]

Booth alleges that defendants violated the Eighth Amendment by keeping

him in administrative segregation because he is unable to contact any staff member

in the event of a medical emergency even though he has documented serious health

conditions.  Defendants argue that Booth's Eighth Amendment claim should be

dismissed because Booth has not alleged he was denied basic human needs and

requirements, nor has he alleged a physical injury.

---

[2] Because Booth was a pretrial detainee at the time of the alleged actions, his claim is more properly brought under the Fourteenth Amendment's Due Process Clause, which 'protects a pretrial detainee from the use of excessive force that amounts to punishment.' " *Leary v. Livingston Cnty.,* 528 F.3d 438, 443 (6th Cir. 2008) (quoting *Graham v. Connor,* 490 U.S. 386, 395 n. 10 (1989)).  By contrast, excessive-force claims brought by convicted inmates are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishments.  It is unresolved whether the pretrial detainees have greater protection from the use of force than convicted prisoners.  *Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir.2010); *Leary,* 528 F.3d at 443.  "At the least, pretrial detainees are guaranteed the same level of protection guaranteed by the Eighth Amendment." *Lamb v. Telle,* No. 5:12–CV–00070–TBR, 2013 WL 5970422, at *6 (W.D. Ky. Nov. 8, 2013).  Thus, the undersigned looks to case law under the Eighth Amendment for guidance.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d. 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotations and citations omitted).

In his complaint, Booth makes no allegations that rise to the level of an Eighth Amendment violation. "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Murray*

8

*v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).  Furthermore, Booth fails

to allege he has suffered a physical injury; he alleges only that he *could* be injured

if he remains segregated.  This is insufficient.  *Merchant v. Hawk-Sawye*r, 37 F.

App'x 143, 145-146 (6th Cir. 2002) (denying an inmate's Eighth Amendment

claim because the inmate did "not allege that he was subjected to any physical

injury as a result of the actual conditions in the segregated housing unit, and 42

U.S.C. § 1997e(e) precludes any claim by a prisoner for mental or emotional injury

suffered while in custody without a prior showing of physical injury") (internal

quotations omitted).  Therefore, Booth's Eighth Amendment claim should be

dismissed for failure to state a claim upon which relief may be granted.

### 2.     Fourteenth Amendment – Due Process

Booth also alleges that defendants are violating the Due Process Clause of

the Fourteenth Amendment by keeping him in administrative segregation.[3]

---

[3] To the extent that Booth asserts a due process claim based on the use of belly
chains, it should be dismissed.  "[A] district court may, at any time, *sua sponte*,
dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule
12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a
complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of
merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th
Cir. 1999).  Moreover, it is a basic pleading requirement that a plaintiff must
attribute factual allegations to particular defendants.  *See Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a
plaintiff must make sufficient allegations to give a defendant fair notice of the
claim).  Where a person or entity is named as a defendant without an allegation of
any specific conduct, the complaint is subject to dismissal, even under the liberal
construction afforded to pro se complaints.  *See Frazier v. Michigan*, 41 F. App'x

Defendants argue that Booth's alleged period of confinement was neither atypical nor significant and did not implicate a liberty interest.  The undersigned agrees.

The Fourteenth Amendment's Due Process Clause guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "Without a protected liberty or property interest, there can be no federal procedural due process claim."  *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).  In *Sandin v. Conner*, 515 U.S. 472, 486-487 (1995), the Court held that a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Confinement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their

---

762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").  Here, Booth simply asserts he was placed in belly chains.  He has not alleged that either defendant placed him in the belly chains much less that he suffered any injury as a result.

incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (superseded by statute on other grounds). Thus, it is considered an atypical and significant hardship only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Courts in this circuit must consider the nature and duration of a stay in segregation to determine whether it imposes an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). Short periods of placement in administrative segregation do not require due process protections. *See Sandin*, 515 U.S. at 484-486 (holding that disciplinary segregation for 30 days did not impose an atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (holding that 61 days in segregation was not an atypical and significant hardship).

Here, Booth has failed to provide any reason why his placement in administrative segregation was atypical and significant. Booth appears to disagree with his placement in administrative segregation, but this does not make it atypical and significant. *Joseph*, 410 F. App'x at 868. Further, defendants, offering Booth's judgment of sentence as evidence, argue that Booth was, at most, subjected to approximately five months of administrative segregation. This does not implicate a liberty interest. Cases finding that a liberty interest was implicated involve much longer periods of segregation. *See, e.g.*, *Selby v. Caruso,* 734 F.3d 554, 559 (6th Cir. 2013) (holding that 13 years of segregation implicates a liberty

interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that eight years of segregation implicates a liberty interest).  For these reasons, Booth's due process claim relating to administrative segregation fails state a claim upon which relief may be granted.

### 3.   Individual Liability

Defendants also argue that Booth's due process claims should be dismissed because Booth how not explained how either defendant was responsible for his housing placement.  The undersigned agrees.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).  Here, Booth has failed to do so.  He does not allege that either defendant was responsible for his placement in administrative segregation.  Instead, he merely alleges that Molinar upheld the dismissal of Booth's grievance related to the administrative segregation.  The act of responding to a grievance does not, in and of itself, support liability under § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (no liability under § 1983 where defendants' "only roles . . . involve the denial of administrative grievances").  He also says that he sent a "kite" to Doe, presumably about his placement in administrative segregation, who

12

allegedly told him it was for his behavior.  Overall, Booth's allegations against

defendants are simply insufficient to impose individual liability.

V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that

defendants' motion to dismiss be GRANTED and the case be DISMISSED.

Dated: January 6, 2022        s/Kimberly G. Altman
Detroit, Michigan            KIMBERLY G. ALTMAN
                       United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2022.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager